IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MITCHELL, : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-15-1958 |
| v. : | |
| : | (Judge Caputo) |
| CORRECTIONAL OFFICER : | |
| MALLICK, *et al.*, : | |
| Defendants : | |

**M E M O R A N D U M**

**I.   Introduction**

Presently before the Court is Defendants' motion to dismiss due to Mr. Mitchell's lack of prosecution.  (ECF No. 32.)  Mr. Mitchell has failed to respond to the motion and has failed to provide the Court or Defendants with a current address.  Accordingly, the Defendants' motion will be granted and the Amended Complaint will be dismissed with prejudice.

**II.   Background**

On October 1, 2015, the pro se Plaintiff, Jason Mitchell, an inmate formerly confined at the Lackawanna County Prison (LCP) in Scranton, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  In his Amended Complaint Mr. Mitchell alleges that

between March 10 and 11, 2015, he was assaulted by prison officials[1] and restrained to a chair for over ten hours.  (ECF No. 16, Am. Compl.)  During this time he was denied access to medical care, the use of a bathroom, placed on suicide watch and issued a false misconduct for assaulting staff.  (*Id*.)

On October 8, 2015, the Clerk of Court sent Mr. Mitchell this Court's Standing Practice Order.  (ECF No. 7.)  In that Order, Mitchell was advised of his obligation to inform the Court of his current address.  He was also advised that if the Court is unable to communicate with him because of his failure to notify the Court of his address, he would be deemed to have abandoned his lawsuit.  (*Id*., p. 4.)

At the Court's direction, the Clerk of Court served Defendants with a copy of the lawsuit and appropriate forms asking them to waive service of summons.  (ECF No. 18.)  On February 15, 2016, Defendants filed an Answer to the Amended Complaint.  (ECF No. 28.)  On February 19, 2016, the Court issued a scheduling order setting the close of discovery on August 16, 2016, and the filing of dispositive motions by September 16, 2016.  (ECF No. 30.)  The Court's scheduling order, mailed to Mr. Mitchell's last known address, was returned as undeliverable.  (ECF No. 31.)

---

[1] Named as defendants are the following LCP employees: Correctional Officer (CO) Mallick; CO Mifka; CO Saheen; CO Cole; CO McPhillips; CO Shmalfig; CO Fuesko: CO McGovern; Sergeant (Sgt.) Calijean; Sgt. Blume; Sgt. Kennedy; Captain Maguire; Deputy Warden Langan; and Warden McMillan.

**III.     Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary. *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

**IV.     Discussion**

On October 8, 2015, Mr. Mitchell was sent a copy of this Court's Standing Practice Order in Pro Se Plaintiff Cases. (ECF No. 7.) The order outlines a *pro se* plaintiff's obligation to inform the Court of an address change. (*Id*., p. 4.)  The Order forewarns that

"[i]f the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." (*Id.*)

Defendants seek dismissal of Mr. Mitchell's lawsuit based on their inability to conduct discovery or prepare for trial in this matter due to Mr. Mitchell's failure to advise the Court of his current address. (ECF No. 33, Br. Supp. Mot. to Dismiss.)  The Court agrees.

Neither the Defendants nor the Court are able to communicate with Mr. Mitchell due to his failure to keep the Court informed of his address.  Mail sent to the address provided by Mr. Mitchell has been returned to the Court as undeliverable.  At this point, as a result of Mr. Mitchell's failure to notify the court of his present location, the Court is unable to communicate with him.  As such, it would be a waste of judicial resources to allow this action to continue.

An appropriate Order follows.

          **/s/ A. Richard Caputo**
          **A. RICHARD CAPUTO**
          **United States District Judge**

**Date:  January 17, 2017**